UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD A. MUGRIDGE,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, and ADVIA CREDIT UNION,

    Defendants.

Case No. 1:17-cv-1060

Hon.

# COMPLAINT AND JURY DEMAND

Plaintiff Chad A. Mugridge, by and through his counsel, for his Complaint against Defendants Equifax Information Services, LLC ("Equifax") and Advia Credit Union ("Advia"), states as follows:

## INTRODUCTION

1. Plaintiff seeks relief from Equifax under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Equifax violated the FCRA by failing to properly reinvestigate disputed items in Plaintiff's credit file maintained by Equifax.

2. As a result of Equifax's violations of the FCRA, Plaintiff's credit score and credit standing have been adversely affected by inaccurate and derogatory credit information appearing in Equifax's credit file and credit reports regarding Plaintiff.

3. Equifax's violations of the FCRA have caused Plaintiff to suffer actual harms including an impaired ability to obtain credit on favorable terms; mental stress and emotional distress; and deprivation of information to which Plaintiff is legally entitled.

4. Plaintiff seeks relief from Advia for its unjustified and improper reporting of false debt information to Equifax, in an attempt to collect a legally uncollectible debt, in violation of Michigan's Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*, which was the initial cause of the inaccurate and derogatory information appearing in Equifax's consumer credit file for Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District because Plaintiff resides within this District and the events giving rise to Plaintiff's claims took place within this District.

## THE PARTIES

7. Plaintiff is a natural person residing in Middleville, Michigan.

8. Plaintiff is a "consumer" as defined in the FCRA, 15 U.S.C. § 1681a(c), and the MRCPA, M.C.L. § 445.251(d).

9. Equifax is a limited liability company organized under the laws of the State of Georgia. Equifax is a "consumer reporting agency" as defined in the FCRA, 15 U.S.C. § 1681(f).

10. Advia is a Michigan chartered credit union, charter number 71, headquartered in Parchment, Michigan.

11.     Advia is not a "collection agency" as defined in the MRCPA, M.C.L. § 445.251(1)(b), but collects consumer debts on its own behalf within the State of Michigan. Advia is a "regulated person" as that term is defined in the MRCPA, M.C.L. § 445.251(1)(g)(v).

## FACTUAL BACKGROUND

12.     On February 27, 2016, Plaintiff entered into a loan and security agreement with Advia (the "Loan") for the purchase of a 2012 Ford F-150 pickup truck. Plaintiff purchased the truck for his own personal use, and Plaintiff's debt resulting from the Loan (the "Debt") was thus a "debt" as defined in the MRCPA, M.C.L. § 445.251(1)(a).

13.     Plaintiff subsequently became unable to pay all his financial obligations when due, and filed for Chapter 7 bankruptcy on May 25, 2016. Ch. 7 Petition, Case No. 1:16-bk-2871 (Bankr. W.D. Mich. May 25, 2016).

14.     Plaintiff scheduled the Debt in his Chapter 7 Petition. *Id.* Advia was provided notice of the bankruptcy.

15.     Plaintiff initially intended to reaffirm the Debt and retain the vehicle, and filed a Reaffirmation Agreement on July 1, 2016. Pursuant to 11 U.S.C. § 524, the Disclosure Statement filed with the Reaffirmation Agreement noted Plaintiff's ability to rescind the Reaffirmation Agreement at any time within 60 days after its filing, or prior to entry of a discharge order, whichever occurred later.

16.     Plaintiff notified Advia of his rescission of the Reaffirmation Agreement via letter on July 18, 2016, which was filed with the bankruptcy court on July 19, 2016 and electronically served on Advia.

17.     Advia filed a claim with respect to the Debt on October 2, 2016.

3

18.     Plaintiff's scheduled debts, including the Debt to Advia, were discharged on October 3, 2016. Order of Discharge, Case No. 1:16-bk-2871 (Bankr. W.D. Mich. Oct. 3, 2016) (the "Discharge"). Advia received electronic notice of the Discharge.

19.     The Trustee of Plaintiff's bankruptcy estate brought an adversary proceeding against Advia on October 13, 2016 to avoid Advia's security interest in the vehicle and recover preferential payments. Compl., Case No. 1:16-ap-80289 (Bankr. W.D. Mich. Oct. 13, 2016). Advia was represented by counsel in that action (the "Adversary Proceeding").

20.     The Adversary Proceeding was later settled by agreement providing for: (1) avoidance of Advia's security interest in the vehicle; (2) sale of the vehicle by the Trustee; and (3) payment by the Trustee to Advia of 25% of the sale proceeds of the vehicle, with the remaining amount to be distributed to Plaintiff's creditors (including Advia). Order Approving Settlement, Case No. 1:16-bk-2871 (Bankr. W.D. Mich. Mar. 3, 2017).

21.     Upon entry of the Discharge, the Debt became legally unenforceable, and Advia was enjoined from taking any action "to collect, recover or offset any such debt." 11 U.S.C. § 524(a)(2).

22.     On March 31, 2017, and at other times subsequent to the Discharge, Advia communicated to Equifax that the Debt was still due and owing; that the Loan account was open; that a balance of $33,549 remained due and owing; and that the Debt was substantially delinquent. Plaintiff subsequently learned that this information (the "Tradeline"), which was inaccurate, appeared in his Equifax credit file and would be communicated to his creditors and prospective creditors if they requested Equifax credit reports regarding Plaintiff.

23. Advia's communications to Equifax were indirect communications to Plaintiff for the purpose of collecting the Debt. An animating purpose of the communications was the collection of the Debt.

24. On September 11, 2017, Plaintiff sent a letter to Equifax disputing the Advia Tradeline ("Dispute Letter") and specifically stating, in part:

> I am writing to DISPUTE the "Advia Credit Union" account in my Equifax credit file. This account was included in my Chapter 7 bankruptcy, Case No. 16-02871, and I no longer owe any debt on the account. It is not past due and is closed. Please correct this error.

25. The Dispute Letter also stated sufficient information for Equifax to identify its credit file regarding Plaintiff, including Plaintiff's name, address, and Social Security Number.

26. The Dispute Letter was mailed to Equifax at its specified address for receipt of consumer disputes: P.O. Box 740256, Atlanta, Georgia 30374, and received by Equifax on September 14, 2017.

27. Equifax's receipt of the Dispute Letter triggered its obligations under 15 U.S.C. § 1681i to: (1) conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; (2) notify Advia that the Tradeline was disputed; (3) notify Plaintiff of the results of his dispute; and (4) provide Plaintiff a consumer report based on Equifax's consumer file for Plaintiff as revised.

28. On September 18, 2017, Equifax sent to Plaintiff a letter purporting to notify Plaintiff of the results of his dispute regarding the Advia Tradeline, marked with "Confirmation # 7261197296" ("Results Letter").

29. The Results Letter confirmed that Plaintiff had submitted a dispute to Equifax via the Dispute Letter.

30. The Results Letter did not contain any mention of the Advia Tradeline, which contained all of the information that Plaintiff disputed via the Dispute Letter.

31. Equifax did not conduct any reinvestigation of the Advia Tradeline.

32. The Results Letter did not state whether any disputed information was removed, verified, or updated.

33. In the more than 35 days since Equifax's receipt of the Dispute Letter, Equifax has not provided to Plaintiff any copy of his Equifax consumer report based on Equifax's consumer file as it existed subsequent to Equifax's receipt of the Dispute Letter.

34. Equifax has not provided to Plaintiff information to which he is legally entitled, including the results of a reinvestigation and a current consumer report regarding Plaintiff subsequent to his dispute of the Advia Tradeline.

35. Equifax's failure to provide to him information to which Plaintiff is legally entitled has harmed him by proximately causing him to be confused and uncertain as to the state of his credit standing and unaware of sufficient facts to fully protect his legal rights. Plaintiff has suffered mental stress and emotional distress as a result.

36. Equifax's failure to update or remove the Advia Tradeline as a result of Plaintiff's Dispute Letter has harmed Plaintiff by adversely affecting his credit score and standing, creating the likelihood that Plaintiff will be denied access to credit on favorable terms, actually causing Plaintiff to be denied access to credit, and causing Plaintiff to suffer mental stress and emotional distress.

## COUNT I
## FAIR CREDIT REPORTING ACT
## EQUIFAX

37. Equifax prepared, compiled, issued assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

38. Such reports contained information about Plaintiff's Advia account that was false, misleading and inaccurate.

39. Equifax negligently and/or willfully failed to adopt and/or follow reasonable procedures to ensure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff and in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

40. Equifax violated 15 U.S.C. § 1681i by failing to conduct a reinvestigation regarding the information Plaintiff disputed in his Dispute Letter, failing to adequately notify Plaintiff regarding the results of his dispute, and failing to provide to Plaintiff a copy of his credit report.

41. Because Equifax entirely failed to conduct a reinvestigation regarding the information Plaintiff disputed in his Dispute Letter, and such failure was consistent with Equifax's policies and procedures, Equifax's violations of 15 U.S.C. § 1681i were willful.

42. As a direct and proximate result of such conduct, Plaintiff suffered actual damage.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor against Equifax specifying the following relief:

    a. Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

c.  Costs and attorney fees pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II
## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
## ADVIA

43.  It is unlawful for a regulated person to communicate, directly or indirectly, in a misleading or deceptive manner. M.C.L. § 445.252(a).

44.  It is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a direct or indirect communication to collect a debt. M.C.L. § 445.252(e).

45.  It is unlawful for a regulated person to use a harassing, oppressive, or abusive method to collect a debt. M.C.L. § 445.252(n).

46.  It is unlawful for a regulated person to misrepresent in any communication to a debtor the legal rights of the creditor or debtor. M.C.L. § 445.252(f)(ii).

47.  By reporting the information contained in the Advia Tradeline to Equifax and indirectly to Plaintiff, Advia: (1) attempted to collect a debt from Plaintiff that had been discharged and rendered legally uncollectible; and (2) violated the discharge injunction prohibiting such collection attempts.

48.  Advia's reporting of the information contained in the Advia Tradeline violated the MRCPA, M.C.L. § 445.252.

49.  Advia's violations of the MRCPA were willful.

50.  Advia's violations of the MRCPA proximately caused actual harm and damages to Plaintiff, including negatively affecting Plaintiff's credit score and standing, negatively affecting Plaintiff's ability to obtain credit on favorable terms, and causing Plaintiff to suffer mental stress and emotional distress.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor against Advia specifying the following relief:

a. Treble actual damages pursuant to M.C.L. § 445.257(2);

b. Statutory damages pursuant to M.C.L. § 445.257(2);

c. Costs and attorney fees pursuant to M.C.L. § 445.257(2); and

d. Any further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: December 1, 2017

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,

Dated: December 1, 2017

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

9